Stephen C. McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas E. Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM PC
11400 W. Olympic Blvd. Suite 200
Los Angeles, CA 90064
Telephone: (323) 639-4455

Attorneys for Plaintiff
ALI MAHDAVI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ali Mahdavi, an individual<br><br> Plaintiff,<br><br> vs.<br><br>TheBalm Cosmetics Holdings, Inc and DOES 1 through 10, inclusive,<br><br> Defendants. | Case: 2:20-cv-00332<br><br>**COMPLAINT FOR:**<br><br> **COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Ali Mahdavi ("Plaintiff") by and through his undersigned counsel, states as follows for his complaint against Defendant TheBalm Cosmetics Holdings, Inc. (hereinafter "TheBalm Cosmetics") and Does 1 through 10, inclusive (collectively, the "Defendants") and alleges as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' intentional and willful decision to infringe Plaintiff's copyrighted "Wonderbra Dita" photograph ("the Photograph").

2. Plaintiff Ali Mahdavi is a world-renowned photographer and director.

3. Without compensating Plaintiff or obtaining a license, Defendants illegally and intentionally misappropriated the Photograph incorporating it into their "Nude Dude" eyeshadow palette (the "Infringing Packaging"). This flagrant violation of Plaintiff's copyrighted work is shown below.

4. In the below image, Plaintiff's Photograph is superimposed in over TheBalm Cosmetics' substantially similar infringing copy, demonstrating the blatant copying of Mr. Mahdavi's photograph.



5. Accordingly, due to Defendants' blatant and willful infringement, Plaintiff has no choice but to file this lawsuit seeking damages that it has suffered as a result of Defendants' willful copyright infringement.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b).

8. This Court has personal jurisdiction over the Defendants in that, among other things, the Defendants do business in this District and the Defendants committed tortious acts in this District.

## III. PARTIES

9. Plaintiff Ali Mahdavi is an individual residing in Paris, France.

10. Upon information and belief, Defendant theBalm Cosmetics is a Corporation organized under the laws of the state of Delaware with a business address of 1000 Atlantic Avenue, Suite 100 Alameda, CA 94501.

11. Plaintiff is ignorant of the true names of the other Defendants sued herein as Does 1-10 and, therefore, sue these Doe Defendants by such fictitious names. Additional Doe Defendants are likely to include, among others, additional managers, officers, members, and other individuals who have authorized, condoned, directed, and participated in the decisions(s) to have Defendant TheBalm Cosmetics infringe Plaintiff's rights. Plaintiff will amend this Complaint to allege additional Doe Defendants' true names and capacities when ascertained.

## IV. FACTS

12. Plaintiff Ali Mahdavi is an internationally renowned photographer and director that has worked with celebrities such as Kylie Minogue, Marion Cotillard, Jean Dujardin, Karl Lagerfeld, Donatella Versace, Marilyn Manson, Naomi Watts, Rita Ora, and Dita Von Teese, among many others.

13. Plaintiff regularly shoots editorials for various editions of Vogue and Vanity Fair and campaigns for luxury brands such as Cartier, Piaget, Balmain, Christian Louboutin, Wonderbra, Bill Blass, Cointreau, and Roberto Cavalli.

14. In 2008, Mr. Mahdavi shot an international campaign for Wonderbra with Dita Von Teese as their ambassador. Plaintiff's "Wonderbra Dita" was a product of this campaign.

15. Plaintiff retained copyright ownership rights in all photographs from the campaign, including Wonderbra Dita.

16. Upon information and belief, due to the fame of the campaign and photograph Defendants must have known that this image belonged to Plaintiff.

17. Plaintiff is the sole owner of and holds the copyright in the Photograph which is protected by federal copyright registration number VA 2-153-644.

18. The Photograph is shown below.



19. TheBalm Cosmetics copied the Photograph as a drawing, creating a substantially similar derivative work, to use on product packaging for an eyeshadow palette and mascara.

20. The infringing products can be found in several stores such as Walmart and Kohl's. See for example:

- https://www.kohls.com/product/prd-2026399/thebalm-nude-dude-eye-shadow-palette.jsp
- https://www.walmart.com/ip/the-Balm-Nude-Dude-Volume-2-Eyeshadow-Palette-0-336-oz-Eyeshadow/119672442



21. The infringing design can also be viewed on TheBalm Cosmetics's website at https://thebalm.com/products/nudedude.

22. Defendants have known about Ali Mahdavi's copyright rights and claims that Defendants are infringing his intellectual property since at least January 2019. Despite notice, Defendants continue to infringe and continue to sell the product on their website to this day, demonstrating willful infringement.

23. Defendants must now answer for their infringing conduct, which will include an injunction barring all future use of any and all photograph or images incorporating Plaintiff's copyright and granting Defendants' profits and Plaintiff's actual damages, costs, attorneys' fees, and punitive damages to Plaintiff.

# FIRST CAUSE OF ACTION

### Federal Copyright Infringement of "Wonderbra Dita"

24. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

25. This Count arises under the Copyright Act of 1976, Title 17 United States Code §101 *et seq*.

26. "Wonderbra Dita" is a wholly original, creative work that constitutes copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq*. Plaintiff owns the exclusive rights and privileges in and to "Wonderbra Dita," which is protected by federal copyright, registration number VA 2-153-644.

27. By distribution, display, and use of their Infringing Design, Defendants intentionally copied, displayed, and used "Wonderbra Dita" and created substantially similar derivate works of "Wonderbra Dita." Defendants had access to "Wonderbra Dita" by virtue of its distribution online, the fame of the Wonderbra campaign, as well as through other social media sites and publications that have displayed "Wonderbra Dita" with Plaintiff's permission.

28. By their actions alleged above, Defendants have infringed Plaintiff's copyright in "Wonderbra Dita" by, *inter alia*, copying "Wonderbra Dita," creating substantially similar derivate works of "Wonderbra Dita," and publicly displaying and distributing the Infringing Design without any authorization or other permission from Plaintiff. Defendants have violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

29. Defendants are aware of Plaintiff's copyright in "Wonderbra Dita" and their copyright infringement has been deliberate and with willful disregard to Plaintiff's intellectual property rights.

30. Defendants have realized unjust profits, unjust enrichment, gains and advantages as a proximate result of their infringement in an amount not yet to be determined.

31. As a direct and proximate result of the Defendants' willful copyright infringement, Plaintiff has suffered actual damages. Plaintiff is entitled to actual damages as well as any gains, profits, and advantages obtained by the Defendants as a result of its acts of infringement and their use and publication of the copied materials, 17 U.S.C. § 504(b).

32. Plaintiff is also entitled to prejudgment interest and full costs of suit pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a judgment against Defendants and pray that this Court grants:

a. Permanent injunctive relief against all Defendants and their parents, subsidiaries, affiliated companies, and their respective officers, directors, employees, and agents from using Plaintiff's copyright;

b. An accounting of, and disgorgement of, any and all profits derived by Defendants;

c. Punitive and exemplary damages;

d. All actual damages sustained by Plaintiff, in an amount to be determined at trial;

e. A judgment that Defendants' infringement was willful;

f. Prejudgment interest and costs of this action;

g. Other economic and consequential damages in an amount to be determined at trial; and

h. Grant to Plaintiff such further relief as may be equitable and proper.

Respectfully submitted,

By:  */s/ Stephen McArthur*
Stephen Charles McArthur
Thomas Dietrich
The McArthur Law Firm, PC
Attorneys for Plaintiff, Ali Mahdavi

```
                                11400 W. Olympic Blvd, Suite 200
                                Los Angeles, CA 90064
                                (323) 639-4455
```

Dated: January 13, 2020

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit.

By: */s/ Stephen McArthur*

```
                Stephen Charles McArthur
                Thomas Dietrich
                The McArthur Law Firm, PC
                Attorneys for Plaintiff, Ali Mahdavi
                11400 W. Olympic Blvd, Suite 200
                Los Angeles, CA 90064
                (323) 639-4455
```

Dated: January 13, 2020